UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>HENRIQUE ORTOLANI DE SOUZA VILA REAL,<br><br>Defendant(s). | Case No. 2:16-CR-331 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Henrique Ortolani De Souza Vila Real's motion for a district court judge to reconsider Magistrate Judge Foley's detention order. (ECF No. 24). The government has filed a response, (ECF No. 25) and defendant has filed a reply (ECF No. 29).

**I.  Background**

Defendant made his initial appearance on November 7, 2016. (ECF No. 3). After a November 16, 2016, detention hearing, Magistrate Judge Foley ordered defendant's detention, pending trial. (ECF No. 22). On November 22, 2016, defendant was arraigned on a four-count indictment charging defendant with distribution of a controlled substance, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession with the intent to distribute a controlled substance, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II). (ECF Nos. 18, 26).

Defendant now challenges the magistrate judge's order of detention. (ECF No. 24). Defendant asserts that the magistrate judge could have found a combination of conditions that would have removed defendant's risk of flight and ensured that he would pose minimal danger to the community, this court should not consider any immigration detainers, and the government could obtain a departure control order. (*Id.*).

The government responds that defendant has not rebutted the presumption that he poses a danger to the community and that he might not reappear if released. (ECF No. 25). Specifically,

James C. Mahan
U.S. District Judge

the government first argues that defendant's statements are not reliable because the defendant allegedly "perjured himself when he signed the Form I-20, and committed visa fraud," acquired the F1 student visa under false pretenses and, when discussing the visa, "lied to the magistrate judge in attempting to obtain a release from custody." (ECF No. 25 at 15). Next, the government asserts that "Real's [alleged] commission of multiple criminal schemes in a very short amount of time after entering the country indicates he has a strong propensity to commit crimes and would be a danger to reoffend if released." (*Id.*). Finally, the government argues that defendant lacks ties to the United States, lacks an income from legal sources, and could not be extradited from Brazil if he flees. (ECF No. 25 at 17).

Defendant replies that he did not make fraudulent assertions to the magistrate judge, his motion for pretrial release made the unopposed assertion that no detainer had been filed against defendant, his family would post the full $100,000 bail, and the Las Vegas Justice Court had released defendant on bail.

## II.     Legal Standard

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985). The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Koenig*, 912 F.2d at 1192–93. The court may, but need not, hold an evidentiary hearing to make this determination. *See id.*

Pursuant to 18 U.S.C. § 3142(e), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The statute provides a list of factors for the court to consider in determining whether detention is necessary: "(1) [t]he nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

#### a. *Presumption of detention*

Title 18 U.S.C. § 3142(e)(3)(A) indicates that a defendant must rebut a presumption that detention is warranted if a court finds that probable cause exists indicating that defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The government must show that the defendant is a danger to "any other person or the community" by clear and convincing evidence. *Id.*

Defendant has been indicted on four criminal counts. (ECF No. 18). Each alleged count is a violation of the Controlled Substances Act. (*See id.*); *see also* 21 U.S.C. § 801 *et seq.*

Count four charges defendant with possession with intent to distribute a controlled substance, to wit, "500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance," which violates "[21 U.S.C. §§ 841(a)(1)] and (b)(1)(B)(ii)(II)." Title 21 U.S.C. § 841(b)(1)(B)(ii)(II) specifies that this violation alone has a maximum statutory term of imprisonment of "not more than 40 years." This court finds that there is probable cause, based upon the search of defendant's residence,[1] "to believe that the [defendant] committed" the offense enumerated in count four of the indictment. 18 U.S.C. § 3142(e)(3); (ECF No. 25 at 9) (describing the task force's recovery of "[b]lack colored electric tape containing approximately 793.5 grams gross of suspected cocaine. This was field tested positive for cocaine."); *see also Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014) (describing the probable cause standard).

Although defendant was indicted on other counts, an analysis of the facts supporting count four of the indictment is sufficient to find that the defendant must surmount a rebuttable presumption of detention. *See id.*; *see also Koenig*, 912 F.2d at 1193. Applying de novo review, this court finds that the magistrate judge correctly applied this presumption. (ECF No. 23).

---

[1] This search was conducted pursuant to a search warrant. (ECF No. 25 at 8).

### b. Rebuttal of presumption

If "a defendant proffers evidence to rebut the presumption of dangerousness," a district court must consider this evidence in light of the factors enumerated in 18 U.S.C. § 3142(g). *Hir*, 517 F.3d at 1086.

Defendant offers the following facts to surmount this burden: (1) defendant has no prior criminal history; (2) he is a college graduate; (3) he does not have a history of drug or alcohol addiction; (4) he has a stable source of income; (5) his family is traveling from Brazil to support him; and (6) he has a stable residence in Nevada. (ECF No. 24 at 3). Defendant also provides a series of conditions that it recommends that this court impose in order to assure the security of the community and to reduce his risk of flight. (*See id.*).

However, defendant has failed to rebut this "presumption of dangerousness," in light of the facts of this case. *Hir*, 517 F.3d at 1086. The government indicates that the "nature and offense circumstances of the offense charged" involve multiple allegations involving substantial amounts of controlled substances, a violation type specifically enumerated in 18 U.S.C. § 3142(g). This court finds that this consideration weighs against the defendant's rebuttal.

Next, the weight of the evidence against the defendant is substantial. The government discusses a series of alleged drug transactions with the defendant and provides an extensive, detailed list of illicit items allegedly seized from the defendant's residence. (ECF No. 25). This consideration similarly weighs against the defendant's rebuttal. This court makes these determinations cognizant that "[a]lthough [18 U.S.C. § 3142(g)] permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). However, this court believes that these factors are probative of the defendant's possible threat to the community and incentive to abscond. *See id.* ("These factors may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community.").

Defendant's offered evidence regarding his personal history is best applied to the third statutory consideration: "the history and characteristics" of a defendant. 18 U.S.C. § 3142(g)(3). However, the government argued that defendant's stable residence in this district is based on fraud because defendant's entry was permitted due to the use of an F1 student visa that was provided only to permit defendant to attend an English language program in California, yet he lives in

**James C. Mahan**
**U.S. District Judge**

Nevada and appears to have been terminated from that program for a failure to attend classes. (ECF No. 25). This court does not consider this fact for his residency status but rather interprets these facts as highlighting his past conduct and an attenuated connection to this community. 18 U.S.C. § 3142(g)(3). Further, the government criticizes the evidence regarding defendant's income. (ECF No. 25).

Finally, this court finds that the defendant poses a real and serious danger to the community in light of the alleged scope of his illegal activity, the involvement of substantial quantities of controlled substances in this case, and the defendant's personal circumstances. 18 U.S.C. § 3142(g); (ECF No. 25).

Considering these factors, the defendant has failed to rebut the "presumption of dangerousness," and the government has met its burden of persuasion based upon the facts on the record in this case. *Hir*, 517 F.3d at 1086.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for a district judge to reconsider the magistrate judge's order, (ECF No. 24) be, and the same hereby is, DENIED.

DATED December 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**